IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DION GAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-3487 |
| | ) | |
| SHERIFF OF COOK COUNTY | ) | |
| THOMAS J. DART, in his Official | ) | |
| Capacity and COUNTY OF COOK, | ) | |
| ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, DION GAINES ("Plaintiff"), by and through his attorneys, The Herbert Law Firm, make the following complaints against the Defendants, SHERIFF OF COOK COUNTY THOMAS J. DART and COUNTY OF COOK, ILLINOIS, and states as follows:

## INTRODUCTION

1. This action is brought by Plaintiff, employee of Cook County Sheriff's Officer pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. pursuant to 42 U.S.C. §§ 1981, 1983 and the Illinois Human Rights Act, 775 ILCS 5/1-101 et seq. to redress the deprivation under the color of law of Plaintiff's rights as secured by the Illinois and United States Constitutions.

2. Plaintiff in the course of many years as a Cook County Sheriff's Officer has been the target of internal investigations as a result of a filed complaint for

FMLA violations pursuant to the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.

3. Plaintiff further alleges that Defendants' policies, practices, and decisions had a disparate impact upon him based on his race, African-American.

4. Plaintiff seeks injunctive relief, compensatory damages, punitive damages, and liquidated damages, and reasonable attorneys' fees and costs as remedies for Defendants' violations of his rights.

## JURISDICTION AND VENUE

5. Jurisdiction over Plaintiff's claims are conferred by 28 U.S.C. §§1331, 1343.

6. Venue is proper in this district pursuant to general venue statute, 28 U.S.C. § 1391 because all parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred in this district.

7. All conditions precedent to filing suit have been met. Specifically, Plaintiff timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") that was cross-filed with the Illinois Department of Human Rights ("IDHR"), as required by Section 42 U.S.C. § 2000(e)(1) on March 4, 2020. (Attached hereto as Exhibit "A").

8. Exhibit "A" is a true and accurate copy of Plaintiff's charge of discrimination.

9. The United States Department of Civil Rights Division issued a "right to sue letter" dated March 12, 2020. (Attached hereto as Exhibit "B").

10. Exhibit "B" is a true and accurate copy of the right to sue letter.

## PARTIES

11. Plaintiff, DION GAINES, is a male African-American employee of the Defendants, holding the position of Correctional Officer with the Cook County Sheriff's Department.

12. Defendant, Thomas J. Dart ("Dart") was and is, at all times relevant herein, the Sheriff of Cook County.

13. As the duly elected Sheriff of Cook County, Dart operates in his official capacity as the head of the Cook County Sheriff's Department. Dart is responsible for the hiring, training and supervision of all personnel necessary to operate and maintain the Cook County Sheriff's Department. Dart is sued in his official capacity.

14. Defendant County of Cook is a local public entity under the laws of the State of Illinois.

15. Defendant, Thomas J. Dart, Sheriff of Cook County is directly liable as Plaintiff's employer for the violations of Title VII as set forth herein below. Defendant Cook County, Illinois, a body politic, is not directly liable for any of the conduct herein described, but is the indemnitor of Defendant Dart pursuant to 750 ILCS § 5/9-102. As such, Defendant Cook County, Illinois is a necessary party to this lawsuit.

## FACTS

16. Plaintiff began his employment with the Cook County Sheriff's Department on or about March 21, 2005 as a Correctional Officer.

17. Since the beginning of Plaintiff's career with the Cook County Sheriff's Office, he had minimal disciplinary history and has no substantial discipline on his record.

18. In and around April 2016, there was an incident on Plaintiff's watch during which some detainees were out of their respective cells; when Plaintiff was told of this incident, he was ordered by his Sergeant and his Lieutenant to return the detainees to their cells; both ordered him to complete an incident report for the involved detainees as required under department directives. Plaintiff completed the reports as ordered by his supervisors.

19. In and around July 2016, Plaintiff received a disqualification letter for the Sergeant's promotional list due to an alleged day of unauthorized pay dating back to December 31, 2015; however, this was an FMLA day that Plaintiff had previously taken that was incorrectly input as an unauthorized day off.

20. Related to the December 31, 2015 FMLA day off, Plaintiff had multiple supervisors review and approve said FMLA day more than two weeks before he used this day as part of his intermittent FMLA leave.

21. For approximately three months, Plaintiff attempted to resolve this issue with his employer, the Cook County Sheriff's Office to no avail.

22. Specifically, Plaintiff repeatedly provided the Defendants with documentation demonstrating that his day of unauthorized pay was, in fact, a FMLA protected intermittent leave of absence.

23. Yet, the Defendants failed to resolve the discrepancy related to Plaintiff's FMLA authorized day off.

24. In and around September 2016, Plaintiff filed a complaint in this Court alleging violations of the Family Medical Leave Act ("FMLA"). See *Dion Gaines v. Thomas J. Dart, Sheriff of Cook County, et al.,* 2016-cv-08809.

25. In and around October 2016 and approximately one month after Plaintiff filed his FMLA lawsuit, Plaintiff received notification that he had to report to the Office of Professional Regulation ("OPR") in regards to an allegation made against him for "failure to perform assigned task" in relation to the April 2016 incident.

26. Plaintiff never received any discipline from his immediate supervisors in regards to the April 2016 incident which gave rise to the current charges against him.

27. This open OPR investigation initiated in October 2016 remains pending and undetermined and is the basis for charges brought against Plaintiff before the Cook County Sheriff's Merit Board, in which, the Sheriff is seeking Plaintiff's termination.

28. In and around January 2017, the Defendants, Thomas J. Dart and the County of Cook in Case No. 16-cv-08809, made an Offer of Judgment in regards to settling the matters in the FMLA lawsuit.

29. During negotiation of the Defendants' Offer of Judgment in Case No. 16-cv-08809, Plaintiff asked that his name be restored to the promotional list for the position of Sergeant with the Cook County Sheriff's Department.

30. The Defendants in Case No. 16-cv-08809 rejected restoring Plaintiff's name to the promotional list for the position of Sergeant as part of their Offer of Judgment and as a basis relied on the fact that the October 2016 OPR investigation related to the April 2016 incident remained pending and undetermined.

31. From January 2017 through August 2017, Plaintiff persistently inquired as to the status of his open OPR investigation all to no avail.

32. In and around February 2018, Plaintiff received an email ordering him to participate in a Loudermill hearing for an allegation of falsifying documents; the County changed the allegations from the April 2016 incident from "failure to perform assigned task" to "falsifying documents".

33. Plaintiff was advised that this allegation was because Plaintiff was viewed on the camera with his back to the tier; however, Plaintiff monitored the tier via the video monitoring system.

34. The County arbitrarily brought these allegations against Plaintiff as a way to charge him with a separable offense. These allegations remain pending before the Cook County Sheriff Merit Board.

35. In and around March 2018, Plaintiff produced documentation that exonerated him on the allegation of "falsifying documents" in regards to using the monitoring system to conduct a security check of the tier.

36. Despite this exonerating evidence, in and around February 2019, the OPR investigation initiated in October 2016 remained pending and undetermined.

37. In fact, at this time, Plaintiff was now told that the basis for the "falsifying documents" allegations relates to his log book whether Plaintiff's security check of the tier was physical or visual. The County's theory of the allegations against Plaintiff changed for the third time.

38. As of today's date, Plaintiff's pending charges before the Cook County Sheriff's Merit Board remain pending and undetermined.

39. Further, an open OPR investigation and pending merit board charges preclude Plaintiff from being appointed to any departmental promotions, or even lateral advancement within the department.

40. Plaintiff was never notified of any allegations in relation to the April 2016 incident until approximately six months later after Plaintiff filed his lawsuit related to the FMLA leave.

41. Plaintiff participated in protected activity when he filed his federal lawsuit for violations of FMLA.

42. Plaintiff is being harassed and disproportionately treated for his participation in the protected activity of filing an FMLA complaint.

7

43. Defendants have used false and illegal reasons for taking adverse actions against the Plaintiff for his exercise of his FMLA rights; and, further have continued to retaliate against him for participating in protected activity.

44. Defendants' actions have prevented Plaintiff from being promoted or making lateral advancement and have adversely affected the terms of Plaintiff's employment.

45. Defendants' intentional delay in coming to a resolution of the allegations against Plaintiff are to preclude Plaintiff from being promoted in retaliation for his participation in protected activity.

46. Defendants' actions have caused Plaintiff to be intimidated by his employer and in the performance of his everyday duties.

47. Plaintiff, while performing his daily job functions, fears that his supervisors will write him up for even minor infractions to further bring allegations against him.

48. Plaintiff does not know any other employees that have received the treatment Plaintiff received, nor does he have any knowledge of other Correctional Officers that have had an open OPR investigation for over four (4) years.

49. Defendants' actions have damaged the Plaintiff, and the Plaintiff has suffered and will continue to suffer the loss of wages, benefits, and other damages.

50. Defendants willfully violated Title VII by retaliating against Plaintiff for exercising his FMLA rights, denying him a promotion, and discriminating against him because of his exercise of his FMLA rights.

51. Defendants continue to retaliate against Plaintiff by the undue delay in the pending charges before the Sheriff's Merit Board seeking his termination.

52. The actions by Defendants were taken deliberately and intentionally with malice and reckless indifference to Plaintiff's civil rights.

53. The acts complained of were ratified, authorized and permitted by Defendants and its managers and supervisors.

## COUNT I
### Title VII of the Civil Rights Act of 1964, *as amended* 42 U.S.C. §2000-2(a)
### Retaliation

54. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 - 53 above.

55. As described in the preceding paragraphs, the Plaintiff engaged in or was engaging in protected activity protected under FMLA, filing internal complaints regarding outstanding OPR investigations, grievances, memorandum and incident reports.

56. Defendants subjected Plaintiff to adverse employment actions including failure to provide Plaintiff a safe working environment, failure to promote, and charges of termination against Plaintiff.

57. Plaintiff was subjected to the adverse employment actions because of his participation in filing under FMLA, filing internal complaints regarding the outstanding OPR investigations, grievances, memorandum and incident reports.

58. Defendants' adverse employment actions directed at Plaintiff would not have occurred but for Plaintiff filing under FMLA, filing internal complaints

regarding outstanding OPR investigations, grievances, memorandum and incident reports.

59. As a direct and proximate cause of Defendants' violations of Title VII, Plaintiff has suffered severe and substantial damages. These damages include litigation expenses including attorneys' fees, reputation, humiliation, lost career opportunities, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## COUNT II
### Title VII of the Civil Rights Act of 1964, *as amended* 42 U.S.C. §2000e-2(a) Hostile Work Environment

60. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraph 1 – 59 above.

61. As described in the preceding paragraphs, Defendants committed an unlawful employment practice by subjecting Plaintiff a hostile working environment by subjecting him to ongoing harassment, intimidation, ridicule, disproportionate disciplinary actions based upon his participation in protected activity.

62. Defendants knew of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment; and, in fact, perpetuated the harassment and retaliation against the Plaintiff.

63. The Defendants' conduct occurred over several years and currently continues with the pending charges before the Sheriff's Merit Board.

64. As a direct and proximate cause of Defendants' violation of Title VII, Plaintiff suffered severe and substantial damage. These damages include litigation

expenses including attorneys' fees, reputation, humiliation, lost career opportunities, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## COUNT III
### IDHR – 775 ILCS 5/1-101 et seq.
### Retaliation

65. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 – 64 above.

66. As described in the preceding paragraphs, the Plaintiff engaged in or was engaging in protected activity protected under FMLA, filing internal complaints regarding outstanding OPR investigations, grievances, memorandum and incident reports.

67. Defendants subjected Plaintiff to adverse employment actions including failure to provide Plaintiff a safe working environment, failure to promote, charges of termination against Plaintiff.

68. Plaintiff was subjected to the adverse employment actions because of his participation in filing under FMLA, filing internal complaints regarding the outstanding OPR investigations, grievances, memorandum and incident reports.

69. Defendants' adverse employment actions directed at Plaintiff would not have occurred but for Plaintiff filing under FMLA, filing internal complaints regarding outstanding OPR investigations, grievances, memorandum and incident reports.

70. As a direct and proximate cause of Defendants' violations of IHRA, Plaintiff has suffered severe and substantial damages. These damages include litigation expenses including attorneys' fees, reputation, humiliation, lost career opportunities, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

COUNT IV
IDHR – 775 ILCS 5/1-101 et seq.
Hostile Work Environment

71. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 – 70 above.

72. As described in the preceding paragraphs, Defendants committed an unlawful employment practice by subjecting Plaintiff a hostile working environment by subjecting him to ongoing harassment, intimidation, ridicule, disproportionate disciplinary actions based upon his participation in protected activity.

73. Defendants knew of the harassment and failed to take prompt, effective remedial action reasonably calculated to end the harassment; and, in fact, perpetuated the harassment and retaliation against the Plaintiff.

74. The Defendants' conduct occurred over several years and currently continues with the pending charges before the Sheriff's Merit Board.

75. As a direct and proximate cause of Defendants' violation of IHRA, Plaintiff suffered severe and substantial damage. These damages include litigation expenses including attorneys' fees, reputation, humiliation, lost career

opportunities, mental and emotional anguish and distress and other compensatory damages, in an amount to be determined by a jury and the Court.

## COUNT V
### Declaratory Relief

76. A present and actual controversy exists between Plaintiff and Defendants concerning their rights and respective duties. Plaintiff contends that Defendants violated his rights under Title VII and the IHRA. Plaintiff is informed and believes and thereon alleges that the Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

77. Plaintiff seeks a declaration of the rights and duties of the respective parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

a. For a declaration that Defendants' actions, policies and practices as alleged herein are unlawful;

b. For lost wages and all other compensation denied or lost to Plaintiff by reason of Defendants' unlawful actions, in an amount to be proven at trial;

c. For compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proved at trial;

d. For liquidated damages;

e. For interest on lost wages, compensation and damages, including pre- and post-judgment interest and upward adjustment for inflations;

      f.      For an order enjoining Defendants from engaging in the unlawful acts complained of herein;

      g.      For reasonable attorneys' fees and costs of suit pursuant to 42 U.S.C. §2000e-5(k), 775 ILCS 5/1-100 et seq., and other law; and

      h.      For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff respectfully requests a trial by jury.

Dated:      June 15, 2020

Respectfully submitted,

/s/ Kelly A. Krauchun
Kelly A. Krauchun (ARDC #6322639)
The Herbert Law Firm
206 S. Jefferson, Suite 100
Chicago, IL 60661
(312) 655-7660
Kelly.krauchun@danherbertlaw.com

/s/ Daniel Q. Herbert
Daniel Q. Herbert (ARDC #6273940)
The Herbert Law Firm
206 S. Jefferson, Suite 100
Chicago, IL 60661
(312) 655-7660
Daniel.herbert@danherbertlaw.com