**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DION GAINES, | |
| Plaintiff, | Case No. 20-cv-03487 |
| v. | Hon. Marvin E. Aspen |
| SHERIFF OF COOK COUNTY THOMAS J. DART, in his official capacity, and COUNTY OF COOK, ILLINOIS, | Magistrate Judge Susan E. Cox |
| Defendants. | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Sheriff of Cook County Thomas J. Dart and County of Cook, Illinois, by and through their undersigned counsel, states as follows as their *Motion to Dismiss Plaintiff's Complaint*:

## INTRODUCTION

Plaintiff's Complaint should be dismissed because a claim of retaliation based on FMLA activity is not recognized under Title VII of the Civil Rights Act of 1964 ("Title VII") or the Illinois Human Rights Act ("IHRA"). Further, Plaintiff has not pled that he is a member of a protected class under Title VII or the IHRA such that he might maintain an action for a hostile work environment. Even if Plaintiff had pled membership in a protected class under the IHRA, he has failed to exhaust his administrative remedies as to those claims and the Court therefore lacks jurisdiction. Finally, Plaintiff's claim for declaratory relief is merely a restatement of the relief he seeks under Title VII and the IHRA and it therefore fails for the same reasons. As a result, Plaintiff's Complaint should be dismissed in its entirety.

**ALLEGED FACTS[1]**

Plaintiff Dion Gaines's five-count complaint claims he has experienced retaliation and a hostile work environment because he previously filed another lawsuit alleging violations of the Family and Medical Leave Act.  (Compl. ¶¶41-45; *see also Dion Gaines v. Thomas J. Dart, Sheriff of Cook County, et al*., 2016-cv-08809.)  The complaint in this case includes two claims under Title VII of the Civil Rights Act of 1964 for retaliation (Count I) and hostile work environment (Count II), as well as corresponding state claims under the Illinois Human Rights Act for retaliation (Count III) and hostile work environment (Count IV).  (*See generally* Compl.)  Finally, Plaintiff's complaint includes a claim for declaratory relief (Count V) related to those federal and state claims.  (*Id*.)  Notably, Plaintiff's complaint does not allege that he has been mistreated because of his race, color, religion, sex or national origin.  Instead, the exclusive basis of Plaintiffs claim is his engagement in FMLA protected activity and Defendants' alleged mistreatment of him because of that activity.  (*Id.*)

Plaintiff has been employed by the Cook County Sheriff's Office as a Correctional Officer since March 21, 2005.  (Compl. ¶16.)  In April 2016, he was involved in a work incident related to detainees being out of their cells and he completed reports related to that incident as ordered by his supervisors.  (*Id.* ¶18.)  In July 2016, Plaintiff received notice that he was not qualified for promotion to Sergeant.  (*Id*. ¶19.)  The disqualification related to a dispute over a day he took off on December 31, 2015, which had been coded as unauthorized leave but was actually a previously approved day off using FMLA benefit time.  (*Id*. ¶¶20, 22.)  In September 2016, Plaintiff filed a federal lawsuit in this Court alleging a violation of his FMLA rights.  (*Id.* ¶25.)  In January 2017, Plaintiff accepted an offer of judgment and that lawsuit was dismissed

[1] The factual statements in this section are taken from Plaintiff's complaint (Dckt. No. 1) and are assumed as true only for purposes of this motion.

without prejudice, which converted to a dismissal with prejudice on April 14, 2017. (*See* Dckts. No. 24, 26 *Gaines v. Dart*, 16-cv-08809 (N.D. Ill. Jan. 30, 2017).)

In October 2016, Plaintiff received notice that the "Office of Professional Regulation" ("OPR") was investigating the April 2016 incident. (*Id.*) That investigation became the basis of charges before the Cook County Sheriff's Merit Board seeking Plaintiff's termination. (*Id.* ¶27.) In February 2018, Plaintiff attended a *Loudermill* hearing related to allegations that he falsified documents related to the April 2016 incident. (*Id.* ¶32.) The charges seeking Plaintiff's termination currently remain pending with the Merit Board. (*Id.* ¶38.)

## **ARGUMENT**

### *Rule 12(b)(1) Legal Standard*

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(1) ask the court to dismiss an action over which the court allegedly lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). All reasonable inferences are drawn in favor of the plaintiff, and all well-pleaded allegations are accepted as true. *Montel Aetnastak, Inc. v. Miessen*, 998 F. Supp. 2d 694 (N.D. Ill. 2014) (citing *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir.1999)). The court may look beyond the allegations of the complaint and may consider other submitted evidence. *See Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir.2003).

### *Rule 12(b)(6) Legal Standard*

A court should grant a Rule 12(b)(6) motion to dismiss where a plaintiff fails to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts take well-pled facts alleged in the complaint as true and draw all reasonable inferences in plaintiff's favor, but conclusory allegations which recite elements of the claim are not entitled to this

presumption. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). A complaint that "tenders

naked assertion[s] devoid of further factual enhancement" will not do. *Iqbal*, 556 U.S. at 678.

## I.     Allegations Of FMLA Retaliation Are Not Actionable Under Title VII

Plaintiff purports to bring his Count I under Title VII for retaliation. (Compl. at 9.) Title

VII, "forbids retaliation against anyone who 'has opposed any practice made an unlawful

employment practice by [Title VII], or because he has made a charge, testified, assisted, or

participated in any manner in an investigation, proceeding, or hearing under [Title VII].'" *Porter*

*v. City of Chi.*, 700 F.3d 944, 956 (7th Cir. 2012), *quoting Loudermilk v. Best Pallet Co.*, 636

F.3d 312, 314 (7th Cir. 2011); *Hamner v. St. Vincent Hospital & Health Care Ctr.*, 224 F.3d 701,

705 (7th Cir. 2000); *see also* 42 U.S.C. § 2000e-3 (same). Title VII defines "unlawful

employment practice" to be the "fail[ure] or refus[al] to hire or to discharge any individual, or

otherwise to discriminate against any individual with respect to his compensation, terms,

conditions, or privileges of employment, because of such individual's <u>race, color, religion, sex,</u>

<u>or national origin</u>." 42 U.S.C. § 2000e-2(a)(1) (emphasis added); *see also id.* at (m) ("an

unlawful employment practice is established when the complaining party demonstrates that race,

color, religion, sex, or national origin was a motivating factor for any employment practice, even

though other factors also motivated the practice."). Thus, to plead retaliation under Title VII,

Plaintiff must allege he opposed Defendant' discriminatory practices directed to him (or

someone else) on the basis of race, color, religion, sex, or national origin. *Tarpley v. City Colls.*

*of Chi.*, 87 F.Supp.3d 908, 913 (N.D. Ill. 2015) (in holding that the ADA is the proper statutory

framework to bring a disability retaliation claim, the court noted that "Title VII only covers

unlawful employment practices and retaliation on the basis of an individual's race, color,

religion, sex, or national origin."). But Plaintiff includes no such allegation, and instead

specifically ties his claim of Title VII retaliation to his filing of a FMLA complaint. Filing a FMLA complaint is not an unlawful employment practice under Title VII, and thus Count I must be dismissed. *Smith v. Aptar Grp., Inc.*, Case No. 12-cv-8630, *8-9 (N.D. Ill. Feb. 21, 2013) (holding that "[a]n exercise of FMLA rights does not fall under the classification of opposing an unlawful employment practice for the purposes of Title VII" and "Title VII does not provide a basis to redress a FMLA violation.").

## II. Plaintiff Fails To Plead His Membership In Any Title VII Protected Class In Alleging A Hostile Work Environment.

In his Count II, Plaintiff brings a claim again under Title VII, this time alleging he was subject to a hostile work environment. (Compl. at 10.) To plead a Title VII hostile work environment claim, Plaintiff must allege that "(1) the work environment was both objectively and subjectively offensive; (2) the harassment was based on membership in a protected class or in retaliation for protected behavior; (3) the conduct was severe or pervasive; and (4) there is a basis for employer liability." *Abrego v. Wilkie*, 907 F.3d 1004, 1015 (7th Cir. 2018), *quoting Boss v. Castro*, 816 F.3d 910, 920 (7th Cir. 2016).

As explained in detail above, the Title VII protected classes are specifically enumerated, "race, color, religion, sex, or national origin," (42 U.S.C. § 2000e-2(a)(1)) and are not designed to make Title VII a general catch-all anti-discrimination statute. *See, e.g.*, *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 718 (7th Cir. 2018), *quoting Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006) ("[m]erely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient."); *Lariviere v. Bd. of Trs. of S. Ill. Univ.*, 926 F.3d 356, 360 (7th Cir. 2019) ("[a]n employee can't sue under Title VII for employment-related mistreatment, however, unless the mistreatment was related to membership in a protected class."). Plaintiff

fails to allege any harassment was based on his membership in a Title VII protected class, and (as argued in regard to Count I), any alleged retaliation was based on his FMLA lawsuit, not a Title VII protected behavior.  As a result, Plaintiff's Count II fails to state a claim under Title VII, and must be dismissed.

## III.    Allegations Of FMLA Retaliation Are Not Actionable Under The Illinois Human Rights Act

Similar to his Count I, Plaintiff's Count III alleges a claim for retaliation pursuant to the Illinois Human Rights Act (the "IHRA").  (Compl. at 11-13.)[2]  The IHRA prohibits retaliation "against a person because he or she has opposed that which he or she reasonably and in good faith believes to be <u>unlawful discrimination</u>,…[or] because he or she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing under this Act."  775 ILCS 5/6-101 (emphasis added).  Much like Title VII, the IHRA specifically defines unlawful discrimination to mean discrimination against an individual on the basis of their "race, color, religion, national origin, ancestry, age, sex, marital status, order of protection status, disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service."  775 ILCS 5/1-103(Q); *see also*, *Nutall v. Reserve Marine Terminals*, Case No. 14-cv-4738 at *17 (N.D. Ill. Dec. 22, 2015) (Aspen, J.), (citation omitted) (collecting cases); *Rozsavolgyi v. City of Aurora*, 58 N.E.3d 65, 74-75 (2d Dist. 2016).  Here, Plaintiff has made clear the only thing he claims to have opposed, through the filing of his prior lawsuit, was Defendants' FMLA practices.  (*See, e.g.*, Compl. at ¶¶2, 24-25, 30, 40, 42, 66-69.)  Defendants' FMLA practices, the filing of an FMLA lawsuit, or internal complaints about the FMLA, do not fit within the IHRA's definition of what personal characteristics can constitute unlawful

---

[2] Plaintiff labels these as claims pursuant to "IDHR," presumably the Illinois Department of Human Rights, which is a state government agency, not a statutory cause of action.  But Plaintiff's cite to the statutory section 775 ILCS 5/1-101, *et seq.*, seems to make clear he intends to plead Counts III and IV under the Illinois Human Rights Act.

Case: 1:20-cv-03487 Document #: 10 Filed: 10/26/20 Page 7 of 10 PageID #:45

discrimination, and Plaintiff does not contend the alleged retaliation is in any way related to his

participation in the IHRA or IDHR processes.  As such, Plaintiff fails to state a claim for

retaliation under the IHRA and his Count III must be dismissed.

**IV.     Plaintiff Fails To Plead His Membership In Any IHRA Protected Class In Alleging A Hostile Work Environment.**

In Plaintiff's Count IV, he again alleges a hostile work environment, this time under the

IHRA.  While the IHRA does not precisely define what constitutes a hostile work environment,

and Plaintiff does not rely on any specific statutory section, the IHRA does prohibit any

employer from engaging "in harassment as defined in subsection (E-1) of Section 2-101" of the

Act.  775 ILCS 5/1-102(A).  Subsection (E-1) of the IHRA, in turn, defines harassment to mean

"unwelcome conduct on the basis of an individual's actual or perceived <u>race, color, religion,</u>

<u>national origin, ancestry, age, sex, marital status, order of protection status, disability, military</u>

<u>status, sexual orientation, pregnancy, unfavorable discharge from military service, or citizenship</u>

<u>status</u> that has the purpose or effect of substantially interfering with the individual's work

performance or creating an intimidating, hostile, or offensive working environment."  775 ILCS

5/2-101(E-1) (emphasis added).  As explained throughout this Motion, Plaintiff fails to plead that

any claim of hostile work environment, including any unwelcome conduct, had anything to do

with any of the specifically enumerated protected classes under the IHRA.  Indeed, Plaintiff does

not plead any basis for any unwelcome conduct at all.  (Compl. at ¶¶72-74.)  As a result, Plaintiff

fails to state a claim for hostile work environment under the IHRA and Count IV must be

dismissed.

7

**V.      Even If Plaintiff Had Sufficiently Stated Claims Under The IHRA, His Claims Would Still Fail Because He Did Not Exhaust His Administrative Remedies**

Prior to filing a lawsuit alleging a violation of the IHRA, a Plaintiff must first exhaust his administrative remedies through the Illinois Department of Human Rights ("IDHR"), which has exclusive jurisdiction over the IHRA.  *See, e.g.*, *McCraven v. City of Chicago*, 18 F.Supp.2d 877, 882 (N.D. Ill. 1998); *Talley v. Washington Inventory Service*, 37 F.3d 310, 312-13 (7th Cir. 1994).  Thus, until the IDHR issues a final order, such as a "Notice of Right to Sue," this Court is without jurisdiction to hear those IHRA claims.  *Talley*, 37 F.3d at 312-13 ("judicial review is only available under the Act after the Human Rights Commission has issued a final order on a complaint..."); *Daulo v. Commonwealth Edison*, 938 F.Supp. 1388, 1404 (N.D. Ill. 1996) ("courts have no jurisdiction to hear actions for alleged human rights violations until administrative remedies are exhausted before the IHRC and the IHRC has issued a final order..."); *Garcia v. Village of Mount Prospect*, 360 F.3d 630 (7th Cir. 2004) ("[t]he administrative process under the Act must be completed before a circuit court can exercise jurisdiction over these types of claims.").

Here, Plaintiff has pled that he cross filed a charge of discrimination with IDHR on March 4, 2020.  (Compl. at ¶7.)  Plaintiff has not pled, however, that he has ever received a final order from IDHR, only that he received such a document from the "United States Department of Civil Rights Division."  (*Id.* at ¶9.)  The IDHR and the alleged federal entity are not the same agency, and a final order from a federal agency cannot act as a final order from an entirely separate state agency.  As such, Plaintiff has failed to exhaust his administrative remedies for his IHRA claims and, pursuant to Fed. R. Civ. P. 12(b)(1), this Court is without jurisdiction to hear the claims contained in Counts III and IV.

**VI.     Plaintiff's Declaratory Relief Claim Must Also Fail.**

Count V of Plaintiff's complaint for declaratory relief is exclusively limited to the dispute over whether or not Defendants violated Plaintiff's rights under Title VII and the IHRA as outlined in Counts I through IV. (Compl. ¶¶76-77.) Plaintiff's Title VII and IHRA claims must be dismissed because he did not connect any adverse action to a protected class, and he failed to exhaust his administrative remedy. Because the retaliation and hostile work environment claims under those statutes fail, the declaratory relief claim seeking a declaration of the parties "rights and duties" under those statutes must fail as well. (*Id.*)

<u>**CONCLUSION**</u>

For each of these reasons, Defendants respectfully request this Court dismiss Plaintiff's Complaint in its entirety and with prejudice.

Respectfully Submitted,

SHERIFF OF COOK COUNTY, THOMAS J. DART, and COUNTY OF COOK, ILLINOIS

Dated: October 26, 2020

By: /s/ Justin L. Leinenweber
*Special State's Attorney*

By: /s/ Ethan E. White
*Special State's Attorney*

Justin L. Leinenweber
**Leinenweber Baroni & Daffada LLC**
120 North LaSalle Street, Suite 2000
Chicago, Illinois 60602
(866) 786-3705
justin@ilesq.com

Ethan E. White
**EMERY LAW, LTD.**
2021 Midwest Road, Suite 200
Oak Brook, Illinois 60523
 (630) 984-0339(direct)
ewhite@emerylawltd.com

## <u>CERTIFICATE OF SERVICE</u>

   I, the undersigned, being first duly sworn upon oath, depose, and say that I caused to be served the foregoing document by electronically filing the same with the Clerk for the U.S. District Court for the Northern District of Illinois, Eastern Division, a copy of which was then forwarded to each attorney of record by CM/ECF on October 26, 2020.

           RESPECTFULLY SUBMITTED,

Dated: October 26, 2020      By: /s/ Ethan E. White

Ethan E. White
**EMERY LAW, LTD.**
2021 Midwest Road, Suite 200
Oak Brook, Illinois 60523
 (630) 984-0339(direct)
ewhite@emerylawltd.com