**UNITED STATES DISTRCT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DION GAINES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20-CV-03487 |
| v. ) | Judge Marvin E. Aspen |
| ) | |
| SHERIFF OF COOK COUNTY ) | |
| THOMAS J. DART, in his official ) | |
| capacity, and COUNTY OF COOK, ) | |
| ILLINOIS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Dion Gaines alleges that he suffered a hostile work environment and was retaliated against following the filing of another lawsuit that alleged violations of the Family Medical Leave Act ("FMLA"). (Complaint ("Compl.") (Dkt. No. 1) ¶¶ 41 – 45.) *See Gaines v. Dart*, *et al.*, 16-CV-08809 (N.D. Illinois) (Gettleman, J.) Presently before us is Defendants' Rule 12(b)(1) and (6) Motion to Dismiss Plaintiff's Complaint. (Motion to Dismiss (Dkt. No. 10).) For the reasons set forth below, Defendants' motion is granted. Counts I and II are dismissed with prejudice, and Counts III, IV, and V are dismissed without prejudice.

**BACKGROUND**

The following allegations are culled from the Complaint and are taken as true for the purposes of this Rule 12 motion. *See Bell v. City of Chi.*, 835 F.3d 736, 738 (7th Cir. 2016); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Plaintiff has been employed by Defendants as a correctional officer since 2005. (Compl. ¶¶ 2, 11, 16.) About one-month after he filed a 2016 lawsuit, *Gaines v. Dart*, *et al.*, 16-CV-08809 (N.D. Illinois), Plaintiff "received notification that he had to report to the Office of

Professional Regulation ("OPR") in regards to an allegation made against him for 'failure to perform assigned task' in relation to [an] April 2016 incident." (Compl. ¶¶ 24 – 25.) "Plaintiff was advised that this allegation was because Plaintiff was viewed on the camera with his back to the tier; however, Plaintiff monitored the tier via the video monitoring system." (*Id.* ¶ 33.)[1] That OPR investigation has been pending for over four years. (*Id.* ¶¶ 27, 48.) Plaintiff theorizes that "The County arbitrarily brought these allegations against Plaintiff as a way to charge him with a separable offense" and to prevent him from getting promoted. (*Id.* ¶¶ 34, 39.)

Plaintiff alleges in a conclusory fashion that "Defendants' policies, practices, and decision had a disparate impact upon him based on his race, African-American." (Compl. ¶¶ 3, 11.) Plaintiff filed a discrimination charge with the EEOC that was cross-filed with the Illinois Department of Human Rights ("IDHR") on March 4, 2020. (*Id.* ¶¶ 7 – 8.) The EEOC issued a right to sue letter on March 12, 2020. (*Id.* at 18.) Plaintiff concedes that the IDHR has not done so. (Response (Dkt. No. 16) at 6 ("Plaintiff concedes that Counts III and IV are untimely as the IDHR has not issued a final order.").)

## STANDARD OF LAW

Rule 12(b)(1) asks the court to dismiss a lawsuit for lack of subject matter jurisdiction. In ruling on a Rule 12(b)(1) motion, we draw all reasonable inferences in the plaintiff's favor and accept all well-pleaded allegations as true. *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1001 (7th Cir. 2003); *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999).

A motion to dismiss under Rule 12(b)(6) is meant to test the sufficiency of the complaint, not to decide the merits of the case. *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th

---

[1] The Complaint does not explain what a "tier" is. Based on context, we infer that the internal investigation into Plaintiff is rooted in the allegation that he was not correctly performing the duties of a correctional officer.

Cir. 2012); *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In evaluating a motion to dismiss, we "construe the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor." *Tamayo*, 526 F.3d at 1081. A court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks enough facts "to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a facially plausible complaint need not give "detailed factual allegations," it must allege facts sufficient "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. These requirements ensure that the defendant receives "fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

## ANALYSIS

Plaintiff brings five Counts: Title VII Retaliation (Count I), Title VII Hostile Work Environment (Count II), IDHA Retaliation (Count III), IDHA Hostile Work Environment (Count IV), and declaratory relief (Count V). We analyze each in turn.

### I. Title VII Counts

We first turn to the Title VII counts: Count I (Retaliation) and Count II (Hostile Work Environment).

To plead a hostile work environment under Title VII, Plaintiff must allege, among other things, that the harassment was based on membership in a protected class or in retaliation for

3

protected Title VII behavior. *See Abrego v. Wilkie*, 907 F.3d 1004, 1015 (7th Cir. 2018). Protected categories include race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2; *see also Abrego*, 907 F.3d at 1015; *Tarpley v. City Colls. of Chi.*, 87 F.Supp.3d 908, 913 (N.D. Ill. 2015). "Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient." *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 718 (7th Cir. 2018) (quoting *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006)).

  The only allegations in the Complaint related to a Title VII protected class is that Plaintiff is African-American and the boilerplate sentence that "Defendants' policies, practices, and decision had a disparate impact upon him based on his race, African-American." (Compl. ¶¶ 3, 11.) The Complaint makes no factual allegation whatsoever showing that Plaintiff was harassed *because of* his race. Nor does Plaintiff explain what policy, practice, or decision allegedly impacted him based on his race. Rather, the Complaint suggests that his Title VII retaliation claims are rooted in the filing of his FMLA complaint: "Plaintiff participated in protected activity when he filed his federal lawsuit for violations of FMLA," that he "was subjected to the adverse employment actions because of his participation in filing under FMLA," and that the "adverse employment actions directed at Plaintiff would not have occurred but for Plaintiff filing under FMLA." (Compl. ¶¶ 41, 57, 58.) Nor did Plaintiff allege that that FMLA complaint had anything to do with race. Simply put, "Title VII does not provide a basis to redress a FMLA violation." *Smith v. Aptar Grp., Inc.*, Case No. 12-cv-8630, 2013 WL 655523, at *8-9 (N.D. Ill. Feb. 21, 2013).

  To the extent that Plaintiff does attempt to redress race-based discrimination under Title VII, he argues that his two race-based allegations (that he is African-American and a boilerplate

4

disparate impact sentence) are enough to state a claim for relief. Those two factual allegations, with nothing more, are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," that "do not suffice" to state a claim for relief. *Iqbal*, 556 U.S. at 678. Although a complaint need not give "detailed factual allegations," it must allege enough facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A plaintiff cannot survive a Rule 12(b)(6) motion to dismiss merely by stating that he is a member of a protected class and then reciting a boilerplate sentence about discrimination. More allegations are needed to comply with Rule 8.

Count I's retaliation claim suffers a similar downfall as Count II. To plead a retaliation claim under Title VII, Plaintiff must have alleged that he was retaliated against for having opposed a discriminatory practice related to the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). For the reasons discussed above within Count II's context, Count I also fails. *See Smith*, 2013 WL 655523 at *8 – 9 ("As exercise of FMLA rights does not fall under the classification of opposing an unlawful employment practice for the purposes of Title VII").

Accordingly, Counts I and II are dismissed.

## II. IHRA Counts

Counts III and IV echo Counts I and II, except they seek relief under the Illinois Human Rights Act instead of Title VII.

Before filing an IHRA lawsuit, a plaintiff must first exhaust his administrative remedies through the IDHR. *See, e.g.*, *Talley v. Washington Inventory Service*, 37 F.3d 310, 312-13 (7th Cir. 1994). Thus, until the IDHR issues a final order, such as a "Notice of Right to Sue," we are without jurisdiction to hear those IHRA claims. *Id.* at 312-13 ("judicial review is only available

under the Act after the Human Rights Commission has issued a final order on a complaint."); *see also Garcia v. Village of Mount Prospect*, 360 F.3d 630 (7th Cir. 2004) ("The administrative process under the Act must be completed before a circuit court can exercise jurisdiction over these types of claims.").

Here, Plaintiff merely pleaded that he cross filed a discrimination charge with the IDHR. (Compl. ¶ 7.) He did not plead that he received a final order from the IDHR. Indeed, Plaintiff's Response wrote that "Plaintiff concedes that Counts III and IV are untimely as the IDHR has not issued a final order." (Response at 6.) As such, Plaintiff failed to exhaust his administrative remedies for the IHRA claims, such that we lack jurisdiction to hear the IHRA counts. Accordingly, Counts III and IV are dismissed without prejudice for lack of jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

Even had Plaintiff exhausted his administrative remedies, we would have still dismissed the IHRA counts for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The IHRA prohibits retaliation "against a person because he or she has opposed that which he or she reasonably and in good faith believes to be unlawful discrimination . . . [or] because he or she has made a charge, filed a complaint, testified, assisted, or participated in an investigation, proceeding, or hearing *under this Act*." 775 ILCS 5/6-101 (emphasis added). The IHRA specifically defines unlawful discrimination to be discrimination against an individual on the basis of their "race, color, religion, national origin, ancestry, age, sex, marital status, order of protection status, disability, military status, sexual orientation, pregnancy, or unfavorable discharge from military service." 775 ILCS 5/1-103. Neither FMLA grievances nor FMLA litigation are processes that fall under the IHRA. *See id.* For reasons like those discussed above with respect to Plaintiff's Title VII counts, primarily, that Plaintiff does not allege enough facts

to show that any harassment was due to an IHRA protected class or that he was retaliated for having participated in an IHRA or IDHR process, the IHRA counts would also fail for failure to state a claim.

Accordingly, we dismiss Counts III and IV without prejudice.

### III. Count V

We last address Plaintiff's claim for declaratory judgment. Count V states that a "present and actual controversy exists between Plaintiff and Defendants concerning their rights and respective duties" under Title VII and the IHRA. (Compl. ¶ 76.) Plaintiff therefore "seeks a declaration of the rights and duties of the respective parties." (*Id.* ¶ 77.) Since we dismissed Counts I, II, III, and IV, there is no longer a "present and actual controversy" under which this claim for declaratory judgment is based. Therefore, Plaintiff's declaratory judgment claim is dismissed as moot without prejudice.

### CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is granted. (Mot. (Dkt. No. 10).) Counts I and II are dismissed with prejudice since Plaintiff provided no justification to suggest that he could cure the pleading deficiencies in an amended complaint. Counts III and IV are dismissed without prejudice since those are dismissed under Rule 12(b)(1) for failure to exhaust administrative remedies. Count V is likewise dismissed without prejudice. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: February 4, 2021
Chicago, Illinois